**NOT PRECEDENTIAL**
# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 23-2564
_____

UNITED STATES OF AMERICA

v.

JONATHAN PAUL WIKTORCHIK, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-10-cr-00064-001)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2024

Before: JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed March 25, 2024)
_____

OPINION[*]
_____

PER CURIAM

Federal Prisoner Jonathan Wiktorchik appeals pro se from the District Court's

denial of his motion for compassionate release.  The Government has filed a motion for

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

summary affirmance. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2011, after a jury trial in the Eastern District of Pennsylvania, Wiktorchik was convicted of arson, use of fire to commit a felony, mail fraud, and making false statements. Wiktorchik's conviction was based on a fire he deliberately set to his chiropractic office, and which also destroyed four other businesses. Wiktorchik repeatedly lied to investigators regarding his involvement and changed his story on multiple occasions. He was sentenced to 204 months of imprisonment, and has an anticipated release date of August 23, 2025.

In May 2023, Wiktorchik filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that his chronic medical conditions and the COVID-19 pandemic supported his early release.[1] Wiktorchik, who is not vaccinated, was hospitalized in January 2021 after contracting COVID-19 and has since been reinfected at least twice. He asserted that he now suffers from "long COVID" and that each reinfection exacerbated the condition, "leading to further dehabilitating [sic] and deteriorating health conditions" for which he was not receiving proper treatment. D.Ct. ECF No. 116 at 4.

---

[1] Wiktorchik previously sought compassionate release in August 2020. The District Court denied the motion in April 2021, as well as several subsequent motions for reconsideration. Wiktorchik did not appeal.

In August 2023, after Wiktorchik amended his motion,[2] the District Court denied relief. It concluded both that Wiktorchik had not established any extraordinary and compelling reason for his release, and that the relevant sentencing factors weighed against release. D.Ct. ECF No. 122 at 10. Wiktorchik filed a timely notice of appeal, and the Government has moved for summary affirmance.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's order denying a motion for compassionate release, including a determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached

---

[2] In his amended motion for compassionate release, D.Ct. ECF No. 121, Wiktorchik submitted what purported to be an executed BOP "Reduction in Sentence Eligibility Review" form in further support of his request for relief. That form, signed by prison medical personnel, asserted that Wiktorchik was "completely disabled, unable to perform activities of daily living … OR [was] … only capable of limited self-care and confined to a bed or chair more than 50% of waking hours." Id. at 6. It noted that Wiktorchik's medical condition "substantially diminishe[d his] ability to function in a correctional environment," and concluded that he qualified for a reduction in sentence ("RIS") as a result. Id. at 6. Wiktorchik relied heavily upon this form in his initial arguments on appeal, asserting that the form "satisf[ies] the requirements of the 1B1.13 guidelines set forth for 'extraordinary and compelling circumstances' for Compassionate Release," 3d Cir. ECF No. 11 at 5. However, the actual form, as signed by the medical officers and attached as an exhibit to the Government's Motion for Summary Affirmance, does not conclude that Wiktorchik is completely disabled or capable of only limited self-care. Nor does it conclude that he is eligible for a reduction in sentence for medical reasons. Rather, it specifically concludes that he "does not qualify for a RIS." 3d Cir. ECF No. 12 at 18. Wiktorchik now appears to admit that the form he submitted is "fake," but disavows any knowledge of its lack of authenticity. 3d Cir. ECF No. 18 at 7-8. Instead, he alludes, with no support, to the possibility that the doctored form was provided to him by prison officials in an effort to sabotage his attempts at release. Id.

3

upon a weighing of the relevant factors." Id. (quotation marks and citation omitted). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The compassionate-release provision states that a district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2)(A). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant. See 18 U.S.C. § 3553(a). Compassionate release is discretionary, not mandatory. Therefore, even if a defendant is eligible for it, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors. See Pawlowski, 967 F.3d at 330.

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against a grant of compassionate release.[3] The District Court appropriately considered that Wiktorchik "has a history of committing economic as well as dangerous crimes," and observed that the current offenses were committed less than a

---

[3] Based on this conclusion, we need not decide whether Wiktorchik demonstrated "extraordinary and compelling reasons" for his release. See 18 U.S.C. § 3582(c)(1)(A)(i).

4

year after Wiktorchik was convicted of insurance fraud. D.Ct. ECF No. 122 at 13. It explained that Wiktorchik's crimes showed a disregard for the property of others, noting that other businesses were damaged as a result of the arson. Id. In determining that the § 3553 factors did not warrant compassionate release, the District Court concluded that Wiktorchik "received just punishment for his offenses" and that "[a]dequate deterrence and the protection of the public would be undermined and at risk if [Wiktorchik] were released for compassionate reasons." Id. at 14.

Wiktorchik argues that the District Court failed to give sufficient weight to his rehabilitative efforts, including his lack of a disciplinary record while incarcerated. However, even considering these efforts, we do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors," Pawlowski, 967 F.3d at 330 (citation omitted), particularly in light of the seriousness of the offenses, which Wiktorchik continues to downplay. See 3d Cir. ECF No. 11 at 17 (noting that his offense "did not result in physical injury to anyone").

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.[4]

---

[4] The Government's request to be excused from filing a brief is granted. To the extent that Wiktorchik moves this Court to grant him compassionate release, see "Motion of Appeal for 3582(c)(1)(A) Compassionate Release," 3d Cir. ECF No. 8, the motion is denied. We note also that Wiktorchik has submitted new medical records not previously submitted to the District Court in support of his appeal. See 3d Cir. ECF No. 19. However, we do not consider new issues raised for the first time on appeal. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).